## ACKERMAN v. DICK et al.

(Supreme Court, Appellate Division, First Department. March 24, 1911.)

BROKERS (§ 24*)—SALES—UNAUTHORIZED SALES—RIGHTS OF PRINCIPAL.

Defendant stockbrokers carried stock on margin for plaintiff under orders to sell at 87, and they sold at that price to a broker, who "gave up" the name of his principal, who repudiated the purchase because he had not given his broker written authority to buy at 87, as was necessary, but offered defendants an unclosed transaction with such broker to purchase the stock at 83, which offer defendants accepted, and, under the Stock Exchange rules, submitted to arbitration whether the principal was justified in repudiating his broker's purchase at 87, and the award was in favor of the principal. Plaintiff accepted the proceeds of the sale at 83, and sued defendant to recover the difference between the stock at 83 and 87; it having meanwhile dropped to 23, and the broker who purchased having failed. *Held*, that plaintiff was not entitled to recover.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 24.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Appellate Term.

Action by Carl F. Ackerman against Evans R. Dick and others. From an order of the Appellate Term, affirming a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

See, also, 125 N. Y. Supp. 1111.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George S. Graham, for appellants.

George Young Bauchle, for respondent.

MILLER, J. The defendants, stockbrokers, were carrying 100 shares of Columbus & Hocking Coal & Iron Company stock on margin for the plaintiff. He directed them to sell at 87. They sold on the floor of the Exchange to a broker who made a specialty of that stock; the latter "giving up" the name of his principals. When notified, said principals repudiated the transaction on the ground that the broker's authority was limited to written orders, and that they had not given him an order to buy at 87. However, they offered the defendants an unclosed transaction with said broker for a purchase of 100 shares at 83. Meanwhile the stock had dropped to 23 and said broker had failed. Naturally the defendants promptly accepted the offer, and, under the rules of the Exchange, submitted to arbitration the dispute as to whether the said principals were justified in repudiating the purchase at 87, with the result that the latter were sustained. The plaintiff accepted the avails of the sale at 83, and sues to recover the difference between 83 and 87, less brokerage.

We know of no theory upon which the recovery can be sustained, and none has thus far been suggested. The Municipal Court justice submitted to the jury the question whether the plaintiff ratified the sale at 83. If he does not want that price, the defendants will doubtless be glad to replace his stock or to account for its value, either at the time of the sale at 83 or since.

The order of the Appellate Term, and the judgment of the Municipal Court, should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.